UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUTLER COUNTY, OHIO,
    Plaintiff/Respondent,

vs.

ACHASHVEROSH ADNAH
AMMIYHUWD,
    Defendant/Petitioner

Case No. 1:16-cv-401
Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Petitioner Achashverosh Adnah Ammiyhuwd filed a pro se notice of removal of a state court criminal action to the United States District Court. This matter is before the Court for a sua sponte review of Mr. Ammiyhuwd's notice, which the Court construes as a petition for removal of a state court action to this federal court, to determine whether the Court has jurisdiction over this matter. See Fed. R. Civ. P. 12(h)(3).

For the reasons that follow, the undersigned recommends this matter be dismissed and remanded to the Butler County Court.

The notice of removal indicates that Mr. Ammiyhuwd is a criminal defendant in a municipal court action in Butler County. He alleges that his arrest and prosecution by Butler County are unlawful, the statutes under which he is charged are unconstitutionally vague on their face and as applied, and his arrest and prosecution are "part of a policy of racial and religion discrimination, kidnapping, conspiracy, fraud, fostered by the State of Ohio and the City of Hamilton." (Doc. 2 at 3). Mr. Ammiyhuwd declares that he is "a Sovereign and Self Determination Hebrew Israelite American National Republic" and that the Butler County Court and its officials "refuse to recognize my lawful sovereignty, sovereign immunity or crown immunity and reservations of rights under the Uniform Commercial Code (UCC) 1-308, (1-207), UCC 1-103.6." (Doc. 1-2 at 1). He states that he "filed a copy of my signed 29th of

May, 2012, Affidavit under common law 'at will' correcting my name from the corporation name 'OSCAR LEE WASHINGTON' to my true sovereign Hebrew heritage name Achashverosh Adnah of the family Ammiyhuwd' with the CLERK OF COURTS OFFICE" and a "copy of Certificate of Nationality with the corporation name 'OSCAR LEE WASHINGTON' from the Secretary of State with the CLERK OF COURTS OFFICE." (Id. at 2). He appears to allege that his constitutional rights are being violated because he is being prosecuted under a false name and the Clerk of Court is filing "falsified documents" on the docket by not using his proper name. (Id.). Mr. Ammiyhuwd's memorandum in support of his petition for removal is largely incomprehensible.

The petition for removal should be denied as this Court is precluded from adjudicating Mr. Ammiyhuwd's claims under the abstention doctrine formulated in *Younger v. Harris,* 401 U.S. 37 (1971). Absent extraordinary circumstances, federal courts may not interfere with pending state criminal proceedings in order to entertain constitutional challenges to the state proceedings. *Id.* Under *Younger*, the federal court must abstain where "[1] state proceedings are pending; [2] the state proceedings involve an important state interest; and [3] the state proceeding will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Kelm v. Hyatt,* 44 F.3d 415, 419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989)). See also *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987); *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 603-05 (1975). Extraordinary circumstances barring abstention include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger,* 401 U.S. at 46, 53, 54. *See Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

2

All three factors supporting *Younger* abstention are present in this case. First, Mr. Ammiyhuwd's criminal case is currently pending in the Butler County Municipal Court. *See Huffman*, 420 U.S. at 608; *Loch v. Watkins*, 337 F.3d 574, 578 (6th Cir. 2003); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990). Second, the criminal case implicates important state interests as state criminal prosecutions have traditionally been considered an arena in which federal courts decline to interfere. *See Younger*, 401 U.S. at 43-45. Third, there is no evidence that the state criminal proceedings cannot provide an opportunity for Mr. Ammiyhuwd to raise any constitutional claims. Regarding this factor, the federal court must presume that the state courts are able to protect the interests of a federal petitioner. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co.*, 481 U.S. at 15). Mr. Ammiyhuwd possesses an adequate opportunity to raise any constitutional issues in his pending state court action or in a subsequent appeal should he be convicted in the Butler County Municipal Court. Therefore, abstention under *Younger* is appropriate.

Nor has Mr. Ammiyhuwd alleged facts showing the existence of extraordinary circumstances barring abstention. Mr. Ammiyhuwd does not allege facts showing bad faith, harassment, flagrant unconstitutionality in the state proceedings, or any other unusual circumstances that would bar abstention in this matter. Thus, the petition for removal fails to establish the presence of extraordinary circumstances militating against the application of *Younger* abstention.

For the reasons stated above, the Court concludes that adherence to the *Younger* abstention doctrine is required in this case.

Accordingly, the Court lacks subject matter jurisdiction over this case. Mr. Ammiyhuwd's petition for removal should be denied, this matter should be dismissed from the

docket of the Court, and the case should be remanded to the state court.

**IT IS THEREFORE RECOMMENDED:**

1. Mr. Ammiyhuwd's petition for removal of a state court action to this federal court should be **DENIED.**

2. This matter should be dismissed from the docket of the Court.

3. This matter should be **REMANDED** to the state court. See 28 U.S.C. § 1447(c).

Date: 3/30/16

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BUTLER COUNTY, OHIO,
    Plaintiff/Respondent,

vs.

ACHASHVEROSH ADNAH
AMMIYHUWD,
    Defendant/Petitioner

Case No. 1:16-cv-401
Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).