UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ACHASHVEROSH ADNAH AMMIYHUWD,
Petitioner,

vs.

BUTLER COUNTY,
Respondent.

Case No. 1:16-cv-401
Barrett, J.
Litkovitz, M.J.

**REPORT AND**
**RECOMMENDATION**

This matter is before the Court on petitioner's motion for reconsideration, for injunctive relief and/or for declaratory relief. (Doc. 15). Petitioner seeks reconsideration, alteration or amendment of the Court's June 23, 2016 dismissal order and judgment denying petitioner's petition for removal of a state court action to this federal court and remanding this matter to the Butler County Court. (Docs. 13, 14).

As a general rule, motions for reconsideration are not favored unless the movant demonstrates: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice. *Entm't Prods., Inc. v. Shelby Cnty.*, 721 F.3d 729, 742 (6th Cir. 2013), *cert. denied*, — U.S. —, 134 S.Ct. 906 (2014); *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). The Court has carefully reviewed petitioner's motion and the authorities cited therein. In this case, there is no intervening change of controlling law, nor has petitioner submitted new evidence. The Court is not aware of any need to correct a clear error or to prevent manifest injustice. Instead, petitioner has simply reargued the issues upon which he was not successful before this Court.

Petitioner has not alleged any facts or cited any legal authority which suggests that reconsideration of the Court's dismissal order and judgment denying the petition for removal of a state court action to this federal court and remanding this matter to the Butler County Court is

warranted. If petitioner wishes to obtain review of the Court's decision and orders, he must pursue an appeal to the United States Court of Appeals for the Sixth Circuit.

Accordingly, it is hereby **RECOMMENDED** that petitioner's motion for reconsideration, for injunctive relief and/or for declaratory relief (Doc. 15) be **DENIED.**

**IT IS SO RECOMMENDED.**

*Karen L. Litkovitz*
Karen L. Litkovitz
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ACHASHVEROSH ADNAH AMMIYHUWD,
    Petitioner,

vs.

BUTLER COUNTY,
    Respondent.

Case No. 1:16-cv-401
Barrett, J.
Litkovitz, M.J.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn,* 474 U.S. 140 (1985); *United States* v. *Walters,* 638 F.2d 947 (6th Cir. 1981).