

District Court of the United States
(an article III Constitutional Court)
For the Southern District of Ohio

| | | |
|---|---|---|
| Achashverosh Adnah Ammiyhuwd<br>Sui Juris, | : | |
| | : | |
| Defendant/petitioner, | : | Case No.: 1-16CV401 |
| | : | |
| v. | : | |
| | : | |
| STATE OF OHIO | : | |
| CITY OF HAMILTON OHIO | : | |
| BUTLER COUNTY OHIO | : | |
| | : | |
| Plaintiff/Respondent(s), | : | |

## PETITIONER'S OPPOSITION IN OBJECTIOIN TO MAGISTRATE REPORT AND RECOMMENDATION WITH MOTION TO ENJOIN STATE COURT'S ON GOING CRIMINAL PROCEEDINGS IN THE ALTERNATIVE STAY CASE PENDING APPEAL WITH MEMORANDUM OF LAW IN SUPPORT

Notice is hereby given that Achashverosh Adnah Ammiyhuwd Achashverosh Adnah Ammiyhuwd, "SUI JURIS", [Petitioner], in his capacity as Stateless, natural person, Hebrew Israelite, American Dual National, state national of Indiana republic, domicile in the Kingdom of Heaven on earth, by special appearance, motion in Opposition to Magistrate District Court Judge Karen L. Litkovitz Report and Recommendation (R&R) (Doc 16), denying Petitioner's timely filed Rule 59(e) Reconsideration Motion to enjoin state court's fraudulent and ongoing bad faith and harassment criminal proceedings, chilling including but not limited to the First Amendment to the United States Constitution, Bill of Rights; the Declaration of Independents; U.S. Const. Art. III; Immunities Clause of Article IV; 18 U.S.C §§ 241; 18 U.S.C 242; 18 U.S.C 242; 18 U.S.C 245, and 42 U.S.C. 1983.

In the alternative, Petitioner Motion for Stay Remand, pending appeal of any adverse Order and Judgment, denying timely filed F.R.C.P. Rule 59(e) Motion for Reconsideration,

Motion for Injunctive Relief and Declaratory relief and its June 23, Order and Judgment of remand. [Doc # 14], denying timely filed Fed. R. Civ. P. 19 and 21 Motion to drop and/or dismiss Petitioner as a non-essential party.

## MEMORANDUM OF LAW

## STATEMENT OF THE FACTS

On March 9, 2016, Achashverosh Adnah Ammiyhuwd was stopped while lawfully traveling in his private 2001 LS Lincoln Continental automobile from the state Indiana republic in which he intends to return, was unlawfully and illegally stopped on Chestnut and Martin Luther King Boulevard by Officer Eric Taylor of the City Hamilton, Ohio Police Department for allegedly violating State Civil Statute ORC 4510.12, Driving Without Valid License and for allegedly violating of Civil State Statute ORC 335.10A, failure to register.

Ammiyhuwd showed Officer Taylor his lawful sovereign Hebrew Israelite badge identification upon request, bearing on the front, the title "Chief Lawful Diplomat, sovereign Hebrew Israelite, American National Republic Universal Dual National Identification." Also, shown on the front of the lawful sovereign Hebrew Israelite ID are the First, Second, Fourth, Fifth, Ninth, and Tenth Amendments to the United States Constitution, Bill of Rights, as well as Federal Statutes, 18 U.S.C §§ 241 and 18 U.S.C 242.

On the back of the lawful sovereign Hebrew Israelite ID are scriptures 2 Corinthians 5:20 (KJV); Ephesians 6:20 (KJV) from the Holy Bible declaring Petitioner's Hebrew Israelite Religious Beliefs and Religious Expressions putting Officer Taylor on constructive notice of Petitioner's sovereign Hebrew Israelite status. The lawful sovereign Hebrew Israelite plates Petitioner has on his automobile, with two posted in his rear window, also has the same information as that of his lawful sovereign Hebrew Israelite ID which he distributes out to other African Americans for a donations and to let them know their true Hebrew Israelite Nationality

and Identity as commanded by the Holy Spirit and intends to continue while lawfully traveling in his private automobile without any government privileges. Office Taylor, without the consent of Petitioner took a copy of his lawful Hebrew Israelite tags which he still has till this day, along with Petitioner's sovereign Hebrew Israelite identification badge and other private property belonging to Ammiyhuwd.

Petitioner hand delivered a paper copy to Butler County, Ohio Plaintiffs/Respondent(s) Judge Daniel J. Gattermeyer, Butler County, Ohio Clerk of Court Michelle L. Deaton, Butler County, Ohio Prosecutor Michael T. Gmoser, and mailed a paper copy to District Court on or around March 28, 2016, as Exhibit D, pages 1 and 2, with all rights reserved, placing all on constructive notice of his Sovereign Hebrew Israelite Religious Belief and Expressions status as shown in the video (Doc 7).

Officer Taylor and his supervisor, Sgt John Fisher, in bad faith, through harassment of Petitioner, clothed with the authority of state law, acting under color of state law, willfully, intentionally, unlawfully and illegally, without Petitioner's consent, against his will and objections, forcefully pulled Petitioner from his private automobile, and arrested Petitioner for Obstructing Official Business, allegedly violating State Criminal Statute, ORC 2921.31, and for Resisting Arrest, allegedly violating of State Criminal Statute ORC 2921.33.

Officer Taylor and his supervisor, Sgt Fisher, in bad faith, through harassment, clothed with the authority of state law, acting under color of state law, willfully, intentionally, unlawfully and illegally without Petitioner's consent, against his will and objections impound Petitioner's private automobile with Marcell's towing company at 1611 Bender Ave, Hamilton Ohio 45011 where it continues to sit accumulating $20.00 interest for each day its impound. While declaring his rights, Petitioner was forced into the back of Officer Taylor's patrol car, and driven to the City Hamilton, Ohio Police Department jail, booked and transported to the Butler County jail

705 Hanover St, Hamilton, OH 45011, where Petitioner was forced to take a shower, forced to put on jail clothing and placed in a solitary cell.

On March 10, 2016, Petitioner was taken to first appearance, where he reserved all his rights Without Prejudice under the Uniform Commercial Code (UCC) 1-308, formally (1-207) and UCC 1-103.6. Petitioner also reserved his unalienable rights to the United State Constitution. Plaintiff/Respondent Judge Gattermeyer gave Petitioner O.R. bond on the alleged Driving Without Valid License and for the alleged failure to register, gave Petitioner $2,000.00 bond for the alleged Obstructing Official Business, and $2,000.00 bond for the alleged Resisting Arrest charge.

Judged Gattermeyer then forced a plea of not guilty on Petitioner against his consent, forced attorney Gregory S. Beane of the Butler County Public Defender's Office on him and fraudulently filed an Affidavit of indigence with Clerk of Court Deaton chilling his First, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Amendments rights to the United States Constitution, Bill of Rights; Declaration of Independents; U.S. Const. Art. III; Immunities Clause of Article IV; 18 U.S.C §§ 241; 18 U.S.C 242; 18 U.S.C 242; 18 U.S.C 245; 42 U.S.C. 1983. On March 10, 2016, Petitioner was forcefully finger printed and forcefully photographed, taken back to Butler County jail, placed back into the solitary cell until he was released on a $4,000.00 bound.

On March 28, 2016, three days away from trial, March 31, 2016, Petitioner filed timely Notice of Removal from State Court to the Federal District Court of the United States [article III Constitutional Court] For the Southern District of Ohio, and filed by District Court Clerk on March 29, 2016, under Federal Questions Jurisdiction and Diversity Jurisdiction for violations of his First, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Amendments to the United States Constitution, Bill of Rights; Declaration of Independents; U.S. Const. Art. III; Immunities Clause of Article IV; 18 U.S.C §§ 241; 18 U.S.C 242; 18 U.S.C 242; 18 U.S.C 245; 42 U.S.C.

1983, Dormant Commerce Clause and his Hebrew Israelite religion and for fraud. On March 31, 2016, Petitioner filed motion to strike or dismiss Officer Taylor's complaint(s), Affidavit(s), Warrants, for Officer Taylor's lack of Article III standing, cause of action and a sworn complaint from a live, harmed and injured natural person who Constitutional rights Petitioner violated with request for full finding of fact and conclusion of law, challenging state courts jurisdiction.

On May 4, 2016, Plaintiff/Respondent Judge Gattermeyer, in bad faith, through harassment, clothed with the authority of state law, acting under color of state law pursuant to 28 U.S.C. 1455(3), Decided to go forward with trial against Petitioner's objections and threat of contempt of court, denying Petitioner's Motion to strike or dismiss Officer Taylor's complaint(s), Affidavit(s), and Warrants in which Plaintiff/Respondent Judge Gattermeyer now has pending as "Taken Under Advisement" (TUA) with a continued threat of prosecution.

## II. ARGUMENT

Under the Federal Rules of Civil Procedure, a "district judge must determine de novo any part of the magistrate judge's disposition [of a motion to dismiss] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). However, "de novo review is not required by the statute when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." T.W.T. Distrib., Inc. v. Johnson Prods. Co., 966 F. Supp. 2d 576, 578 (W.D.N.C. 2013) (Conrad, J.) (internal quotation marks omitted). "General objections include those that merely restate or reformulate arguments a party has made previously to a magistrate judge. Examining anew arguments already assessed in the M & R would waste judicial resources; parties must explain why the M & R is erroneous, rather than simply rehashing their prior filings." Wiggins v. Colvin, No. 1:12-cv-196, 2014 WL 184414, at *1 (W.D.N.C. Jan. 15, 2014) (Mullen, J.) (citations, alterations and internal quotation marks omitted).

District Court adopting Magistrate Judge Report and Recommendation (R&R) and remand, on the grounds that the *Younger* abstention doctrine applied. *Younger v. Harris*, 401 U.S. 37 (1971). (R&R Doc # 3, 2 of 5). However, District Court should enjoin state court fraudulent and on going bad faith and harassment criminal proceedings or in the alternative, stay the case rather than remanding. If District Court should happen to consequently make adverse judgment against Petitioner, Petitioner request a stay of remand pending appeal to Appeals Court of the United States (article III Constitutional Court) For the Sixth Circuit to appeal the adverse Order and Judgment denying his timely filed F.R.C.P. Rule 59(e) Motion for Reconsideration, Motion for Injunctive Relief and/or Declaratory relief, and its June 23, remand Order and Judgment [Doc # 14], denying Petitioner's timely filed Fed. R. Civ. P. 19 and 21 Motion to drop and/or dismiss Petitioner as a non-essential party.

## A. Raised Constitutional Claims In State Court

The *Younger* doctrine applies when there is a pending state proceeding that involves an important state interest. Petitioner timely filed Notice of Removal from State Court to Federal District Court states that state court is chilling his First, Fourth, Fifth, Sixth, Seventh, Ninth, and Tenth Amendments rights to the United States Constitution, Bill of Rights; Declaration of Independents; U.S. Const. Art. III; Immunities Clause of Article IV; 18 U.S.C §§ 241; 18 U.S.C 242; 18 U.S.C 242; 18 U.S.C 245; 42 U.S.C. 1983, Dormant Commerce Clause, and his Hebrew Israelite Religious beliefs and Religious Expressions, Fraud, Kidnapping, and Conspiracy. See Notice of removal (Doc 2-3).

On March 31, 2016, Petitioner filed motion to strike or dismiss Officer Taylor's complaint(s), Affidavit(s), Warrants, for Officer Taylor's lack of Article III standing, cause of action and a sworn complaint from a live, harmed and injured natural person who Constitutional rights Petitioner violated with request for full finding of fact and conclusion of law, challenging

state courts subject matter and personal jurisdiction. On May 4, 2016, Plaintiff/Respondent Judge Gattermeyer, in bad faith, through harassment, clothed with the authority of state law, acting under color of state law pursuant to 28 U.S.C. 1455(3), decided to go forward with the criminal prosecution of Petitioner while case pending in District Court, against Petitioner's objections and with the threat of contempt of court against Petitioner if he refused to go forward.

Judge Gattermeyer denied Petitioner's Motion to strike or dismiss Officer Taylor's complaint(s), Affidavit(s), and Warrants and denied request for full finding of fact and conclusion of law. Petitioner was provided an adequate opportunity to raise constitutional claims in state court that's now pending as "Taken Under Advisement" (TUA) with a continued threat of prosecution..

District court may have been correct in applying the doctrine. However, District Court only has the power to dismiss a case based on abstention where the relief sought is equitable. MacDonald v. Village of Northport, Mich., 164 F.3d 964 (6th Cir.1999). Petitioner seek only Prospective Injunctive Relief and Declaratory Relief and the district court properly applies the *Younger* doctrine to abstain from adjudicating a claim for damages, it must stay the case instead of exercising its discretion in deciding to dismiss the case." Here, Petitioner only seek Prospective Injunctive Relief and Declaratory Relief pursuant to Ex Parte Young, Dombrowski v. Pfister, and Zwickler v. Koota. Because Petitioner only seek Prospective Injunctive Relief and Declaratory Relief pursuant to Ex Parte Young, Dombrowski v. Pfister, and Zwickler v. Koota. District Court does not have the authority to dismiss the case. *Ex Parte Young*, 209 U.S. at 147, 28 S. Ct. 441 *See* also Dombrowski v. Pfister, 380 U.S. 479, 484 n.2 (1965) and Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

1. **Jurisdiction-Transfer And The Mailing Of A Certified Copy Event To State Court And/Or Because It Was Issued Before Transfer Of Its Order**

Any adverse ruling denying Petitioner's timely filed 59(e) March 28, 2016, Motion to Reconsider, for Injunctive Relief and Declaratory relief along with its Order and Judgment [Doc # 14] Denying Petitioner's timely filed Notice of Removal and timely filed F.R.C.P. Rule 19 and 21 Motion to drop and/or dismiss Petitioner as a non-essential party while retaining Jurisdiction would have to be vacated on the ground it's void because District Court retained Jurisdiction to entertain Petitioner's Motion to reconsider, for Injunctive Relief and/or Declaratory relief in the first instance pursuant to the "jurisdiction-transfer" and "the mailing of a certified copy" event to state court and/or because it was issued before transfer of its Order and Judgment of remand [Doc # 14] was physically transferred, docketed and completed in state court giving the Appeals Court of the United States For the Sixth Circuit Jurisdiction to review an adverse Order and Judgment of remand denying Petitioner's timely filed FRCP Rule 59(e) Motion for reconsideration, Injunctive Relief and/or Declaratory relief. Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 715, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). See also, Agostini v. Piper Aircraft Corp., No. 12-2098, F.3d (3d Cir. Sept. 5, 2013). *See* also Hudson United Bank v. Chase Manhattan Bank of Conn., N.A., 43 F.3d 843, 845 n. 4 (3d Cir.1994) (explaining that transferor court loses jurisdiction once transfer is complete, which occurs "when the files in a case are physically transferred to the transferee court"); Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516–17, 1520 (10th Cir.1991).

2. **Enjoin State Court's On Going Bad Faith Harassing Criminal Prosecution in the alternative, Grant Stay Pending Appeal**

Petitioner's freedom of conscience and freedom of adhering to the Hebrew Israelite's religious organizational or chosen form of worship belief as Petitioner may choose without

restriction by law with an appropriate definition of freedom to act, preserving the enforcement of protections pursuant to include but not limited to, the First Amendment to the United States Constitution, Bill of Rights; Declaration of Independents; U.S. Const. Art. III; Immunities Clause of Article IV; 18 U.S.C §§ 241; 18 U.S.C 242; 18 U.S.C 242; 18 U.S.C 245; 42 U.S.C. 1983, and dormant Commerce Clause, but continues to be threaten, violated and chilled by state statutes ORC 2921.31 and ORC 2921.33, unconstitutional on their faces in a pending, continued and chilling state criminal prosecution, brought in bad faith and through the continued acts of harassment by Plaintiffs/Respondents Officer Eric Taylor, and Sgt. John Fisher of the City of Hamilton, Ohio Police Department; Butler County Ohio; Judge Daniel J. Gattermeyer; Prosecutor Michael T. Gmoser and Clerk of Courts Michelle L. Deaton, in their official capacities, thereby bringing it within District Court's federal question jurisdiction and subject matter Jurisdiction. *Ex Parte Young*, 209 U.S. at 147, 28 S. Ct. 441 *See* also Dombrowski v. Pfister, 380 U.S. 479, 484 n.2 (1965) Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967).

## CONCLUSION AND RELIEF

For the foregoing reasons, a denial of Petitioner motion for "Reconsideration to" enjoin state proceedings, or a "Stay Relief" pending appeal to the United States (article III Constitutional Court) For the Sixth Circuit just may well result in the denial of any effective safeguards against the loss of protected freedoms of Religious belief and Religious expression, and cannot be justified, therefore Petitioner respectfully request that this court GRANT reconsider, injunctive Relief and Declarotory Relief or GRANT Stay pending Appeal, GRANT Petitioner any and all relief to which he may be entitled.

July 5, 2016

Respectfully submitted,

All rights reserved without prejudice UCC 1-308

Signed

Achashverosh Adnah Ammiyhuwd, sui juris, by
special appearance
In care of 509 South Front Street Apt 4
Non Domestic-without US
Hamilton, Ohio Zip Code Exempt [DMM 122.32]
Phone: 443-350-4567
Email: achashverosh@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Demand for Reconsideration, Interlocutory,

Injunctive and permanent Injunctive Relief was served by hand delivery,  upon Michael T.

Gmoser, 315 High Street 11th Floor, Hamilton, Ohio 45011 (513) 887-3474, Michelle L. Deaton,

345 High Street Floor 2, Hamilton, Ohio 45011, (513) 785-7300 Fax (513) 785-7315, Daniel J.

Gattermeyer, 345 High Street Floor 2 Hamilton, Ohio 45011, 513) 785-7300, Fax (513) 785-

7315, and mailed to the Clerk Potter Stewart U.S. Courthouse Room 103, 100 East Fifth Street

Cincinnati, Ohio 45202, Phone (614) 719-3000, on July 5, 2016.

Respectfully submitted,

All rights reserved without prejudice UCC 1-308

Signed

Achashverosh Adnah Ammiyhuwd, sui juris, by
special appearance