UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Achashverosh Adnah Ammiyhuwd,

    Petitioner,                                 Case No. 1:16cv401

    v.                                         Judge Michael R. Barrett

Butler County,

    Respondent.

## ORDER

This matter is before the Court upon the Magistrate Judge's June 29, 2016 Report and Recommendation ("R&R") recommending that Petitioner's Motion for Reconsideration, for Injunctive Relief and/or Declaratory Relief be denied. (Doc. 16).

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Petitioner filed objections to the Magistrate Judge's R&R. (Doc. 17).

Petitioner is a criminal defendant in a municipal court action in Butler County. This Court previously concluded that Petitioner's claims are precluded by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971); and this Court lacks subject matter jurisdiction over this matter. Accordingly, the Court denied Petitioner's petition for removal of a state court action and dismissed Petitioner's claims. Petitioner now seeks reconsideration of this ruling and seeks injunctive and/or declaratory relief "restraining respondents from continuing to act in their bad faith harassment of prosecuting or threatening to prosecute Petitioner for alleged civil traffic and a

(victimless) criminal matter." (Doc. 15, PAGEID # 196).

Petitioner brings his motion pursuant to Federal Rule of Civil Procedure 59(e). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)). The Magistrate Judge recommends denying Petitioner's motion, explaining that reconsideration is not warranted because there is no intervening change of controlling law, nor has Petitioner submitted new evidence. The Magistrate Judge also noted that Petitioner had not identified a clear error or a need to prevent manifest injustice.

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). This Court previously addressed Petitioner's arguments regarding the applicability of the *Younger* doctrine when it overruled Petitioner's Objections to the Magistrate Judge's R&R recommending this matter be remanded to the Butler County court. (Doc. 13). The Court again concludes that abstention under *Younger* is appropriate and Petitioner is not entitled to injunctive or declaratory relief. *See Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").

Based on the foregoing, Petitioner's Objections (Doc. 17) are **OVERRULED**; and

the Court hereby **ADOPTS** the Magistrate Judge's June 29, 2016 R&R (Doc. 16). It is hereby **ORDERED** that Petitioner's Motion for Reconsideration, for Injunctive Relief and/or Declaratory Relief (Doc. 15) is **DENIED**. This case is to remain closed on the docket of this Court.

    **IT IS SO ORDERED.**

                                                  */s/ Michael R. Barrett*
                                            JUDGE MICHAEL R. BARRETT