**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: January 13, 2017

Mr. Achashverosh Adnah Ammiyhuwd
509 S. Front Street
Apartment 4
Hamilton, OH 45011

     Re: Case No. 16-3840, *Achashverosh Ammiyhuwd v. Butler County*
      Originating Case No. : 1:16-cv-00401

Dear Sir,

  The Court issued the enclosed (Order/Opinion) today in this case.

        Sincerely yours,

        s/Roy G. Ford
        Case Manager
        Direct Dial No. 513-564-7016

cc: Mr. Richard W. Nagel

Enclosure

Mandate to issue

<u>**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**</u>

No. 16-3840

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td></td><td></td></tr>
</table>

ACHASHVEROSH ADNAH AMMIYHUWD,  )
                   )
 Petitioner-Appellant,       )
                   )
v.                   )  ON APPEAL FROM THE UNITED
                   )  STATES DISTRICT COURT FOR
BUTLER COUNTY,         )  THE SOUTHERN DISTRICT OF
                   )  OHIO
 Respondent-Appellee.       )
                   )
                   )

FILED
Jan 13, 2017
DEBORAH S. HUNT, Clerk

O R D E R

Before:  COLE, Chief Judge; GILMAN and GRIFFIN, Circuit Judges.

Achashverosh Adnah Ammiyhuwd, a pro se Ohio litigant, appeals a district court judgment denying his petition to remove his state-court action to federal court.  He has filed a motion to remand this case to the district court and a motion for injunctive and declaratory relief. His appeal has been referred to a panel of this court, and we unanimously agree that oral argument is not needed.  *See* Fed. R. App. P. 34(a)(2)(C).

On March 21, 2016, Ammiyhuwd filed a document in the district court demanding the dismissal of his state criminal charges without clearly explaining what those charges were or the underlying facts that led to them.  Describing himself as "a Sovereign and Self Determination Hebrew Israelite American National Republic from the Royal Tribe Judah," Ammiyhuwd asserted that he has "entered into the spectrum of lawful sovereignty, with sovereign immunity, or crown immunity."  Ammiyhuwd appears to be an adherent of the "sovereign citizen" movement, a term that encompasses a spectrum of views.  Generally, its followers believe that

Case: 1:16-cv-00401-MRB-KLL Doc #: 22 Filed: 05/17/17 Page: 3 of 5 PAGEID #: 339     (3 of 5)

government entities have no authority to regulate their behavior.  *See United States v. Pryor*, 842 F.3d 441, 445 n.2 (6th Cir. 2016).

On March 29, 2016, Ammiyhuwd filed a notice of removal to district court.  Generally, he asserted his "sovereign immunity and/or Crown immunity" and that his arrest and charges were unconstitutional.  A magistrate judge filed a report construing his notice as a petition for removal of a state court action to federal court and recommended that the matter be dismissed under the abstention doctrine formulated in *Younger v. Harris*, 401 U.S. 37 (1971).

Ammiyhuwd filed multiple objections to this report.  In his objections, he explained the basis for his state charges.  He claimed that on March 9, 2016, his vehicle was pulled over by law enforcement.  When asked for his driver's license, Ammiyhuwd stated that he did not have one, but he handed an officer his apparently handmade "lawful sovereign and self determination Hebrew Israelite American national Republic common law ID."  He also did not have state-issued license plates on his vehicle.  Two officers asked him to step out of his vehicle, and he refused.  Ammiyhuwd was arrested and charged with driving without a license, failure to register his vehicle, and obstructing official business.

Ammiyhuwd also filed a motion to drop himself as a party from his own lawsuit.  He seemed to believe that his case invoked diversity jurisdiction under 28 U.S.C. § 1332.  Claiming that he had "no domicile in any State[,] but [was] domicile[d] in the Kingdom of Heaven," he asked the court to "grant removal, preserve diversity jurisdiction, drop [him] as a dispensable party who spoils statutory diversity jurisdiction," and to remand the matter back to state court.

The district court adopted the magistrate judge's report over Ammiyhuwd's objections, concluding that it lacked jurisdiction over his case under the *Younger* abstention doctrine.  The court denied his petition for removal to federal court, denied his motion to drop himself as a party, dismissed the case from its docket, and remanded the matter back to state court.  This appeal followed.

We review de novo the district court's decision to abstain under the *Younger* doctrine. *See Nimer v. Litchfield Twp. Bd. of Trs.*, 707 F.3d 699, 700 (6th Cir. 2013).

No. 16-3840
- 3 -

> *Younger* abstention is built upon common sense in the administration of a dual state-federal system of justice. When a person is the target of an ongoing state action involving important state interests, a party cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. If the state party files such a case, *Younger* abstention requires the federal court to defer to the state proceeding.

*Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). "A district court may abstain under the *Younger* doctrine if three conditions exist: there are state proceedings that are (1) currently pending; (2) involve an important state interest; and (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims." *Nimer*, 707 F.3d at 701. If, however, a plaintiff can demonstrate extraordinary circumstances such as bad faith, harassment, flagrant unconstitutionality, or another unusual circumstance warranting equitable relief, then a federal court may decline to abstain. *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996).

Ammiyhuwd now argues that federal intervention was warranted by the alleged violations of his constitutional rights. However, the three conditions for *Younger* abstention are all present here. First, because Ammiyhuwd was arrested for traffic violations and for "obstructing official business" on March 9, 2016, a state criminal action concerning the same or similar issues was pending when he filed his federal case on March 21, 2016. *See Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991). Second, the prosecution of crimes clearly involves an important state interest. *See Younger*, 401 U.S. at 43-45; *Leveye v. Metro. Pub. Def.'s Office*, 73 F. App'x 792, 794 (6th Cir. 2003). Finally, Ammiyhuwd has not shown that he would be unable to raise his current claims in the state court. *See Fed. Express Corp.*, 925 F.2d at 970 (holding that the plaintiff has the burden of showing that a state procedural law bars presentation of his constitutional claims).

Abstention is therefore appropriate unless Ammiyhuwd can demonstrate that one of the three exceptions to the *Younger* abstention doctrine applies: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is 'flagrantly and patently violative of express constitutional prohibitions,'" *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420

No. 16-3840
- 4 -

U.S. at 611); or (3) there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975).  These exceptions have been interpreted narrowly.  *Zalman v. Armstrong*, 802 F.2d 199, 205-06 (6th Cir. 1986).  Because Ammiyhuwd has not demonstrated that any of the three exceptions applies, the district court properly applied the *Younger* abstention principles to Ammiyhuwd's case when it denied his petition to remove his state case to federal court and denied his motion to drop himself as a party.

Accordingly, we **AFFIRM** the district court's judgment and **DENY** Ammiyhuwd's pending motions.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk